IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DOUGLAS BOEDICKER,** | ) |
| | ) |
| Plaintiff, | )  Case No.: 2:20-cv-02306 |
| | ) |
| v. | ) |
| | ) |
| **COAST PROFESSIONAL, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DOUGLAS BOEDICKER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, COAST PROFESSIONAL, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DOUGLAS BOEDICKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Paola, County of Miami, State of Kansas.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. COAST PROFESSIONAL, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant's principal place of business is located in the State of New York.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about April 10, 2018, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the District of Kansas, commencing bankruptcy case number 18-20717-RDB.

10. At the time Plaintiff filed his bankruptcy petition, he listed any debt allegedly owed to Defendant as an unsecured debt with an unknown amount.

11. At the time Plaintiff filed his bankruptcy petition, he owed no other debt to Defendant.

12. At the time Plaintiff filed his bankruptcy petition, he had no other accounts with Defendant.

13. On or about August 13, 2018, the United Stated Bankruptcy Court for the District of Kansas entered an order discharging Plaintiff, thereby extinguishing his liability for the aforementioned debt owed to Defendant.

14. On or about August 16, 2018, The United Stated Bankruptcy Court for the District of Kansas served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

15. At the time of Plaintiff's discharge, there was no asset distribution made to any creditors.

16. Defendant was aware that any debt it was attempting to collect from Plaintiff that was incurred prior to April 10, 2018 was deemed discharged regardless of whether the debt was included in Plaintiff's bankruptcy schedules.

17. At no time since August 13, 2018 has Plaintiff owed any debt to Defendant.

18. At no time since August 13, 2018 has Plaintiff had any accounts open with Defendant.

19. At no time since August 13, 2018 has Plaintiff had any personal credit account with Defendant.

20. At no time since August 13, 2018 has Plaintiff had any personal business relationship with Defendant.

21. Given the facts delineated above, at no time since August 13, 2018 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

22. Given the facts delineated above, at no time since August 13, 2018 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

23. On or about August 24, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Trans Union LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

24. At no time on or prior to August 24, 2018 did Plaintiff consent to Defendant accessing his individual and personal credit report.

25. On or about August 24, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

26. On or about August 24, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

27. On or about August 24, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

28. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

29. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

30. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on his individual credit accounts.

31. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

32. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

33. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

34. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

35. On or about August 24, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

36. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

37. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.    JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

39. The Plaintiff, DOUGLAS BOEDICKER, by and through his attorneys, SmithMarco, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS BOEDICKER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

      c.      Punitive damages;

      d.      Plaintiff's attorneys' fees and costs; and,

      e.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DOUGLAS BOEDICKER**


By:    s/ Mandy M. Shell
        Attorney for Plaintiff

Dated: June 20, 2020

Mandy M. Shell, KS Bar # 23410
1656 Washington St., Ste. 140
Kansas City, Missouri 64108
**Telephone:**  (913) 879-1001
**Facsimile:**   (888) 418-1277
**E-Mail:**       mshell@smithmarco.com